1

2

3

4

5

6

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

7 | GALEN WOLF, an individual,

8 |                                  Plaintiff,

9 |     v.

10 | BNSF RAILWAY COMPANY, a
Delaware corporation,

11 |

12 |                                  Defendant.

NO. 4:24-CV-5089-TOR

ORDER DENYING DEFENDANT'S
MOTION FOR *LONE PINE* ORDER

13    BEFORE THE COURT is Defendant's Motion for a *Lone Pine* Order (ECF

14 No. 25).  This matter was submitted for consideration without oral argument. The

15 Court has reviewed the record and files herein and is fully informed.  For the

16 reasons discussed below, Defendant's Motion for a *Lone Pine* Order (ECF No. 25)

17 is DENIED.

18

19

20

ORDER DENYING DEFENDANT'S MOTION FOR *LONE PINE* ORDER~ 1

**DISCUSSION**

Plaintiff began working for Defendant in 1969 as a signal helper, signalman, and signal maintainer.  ECF No.1 at 4, ¶ 4.5.  He alleges that during his tenure with Defendant, he was routinely exposed to various substances that have caused him to develop colon cancer including diesel fuel, diesel exhaust, diesel fumes, diesel smoke, diesel exhaust soot, benzene, polycyclic aromatic hydrocarbons, creosote, silica sand, pesticides, and asbestos "in addition to others that may be discovered during litigation."  *Id*. at 6 ¶ 4.17.  Pursuant to the Federal Employers' Liability Act ("FELA"), Plaintiff claims that Defendant was aware of the health risks posed by exposure to the various chemical products while he performed his job duties and did not warn him or provide any protective equipment.  *Id*. at 5, ¶¶ 4.14, 4.15.

Presently, Defendant invokes *Lore v. Lone Pine, Corp*., No. L-33606-85, 1986 WL 637507 (N.J. Super. Ct. Nov. 18, 1986) in seeking an Order requiring that Plaintiff make a *prima facia* showing that the chemicals he alleges he was exposed to generally cause colon cancer and whether his colon cancer was specifically caused by one or more of the substances.  ECF No. 25 at 2.  Defendant argues that the scope of the possible cause of Plaintiff's colon cancer should be narrowed and has contacted Plaintiff twice in an attempt to do so.  *Id*. at 3.

*Lone Pine* orders "are pre-discovery orders designed to handle the complex issues and potential burdens on defendants and the court in mass tort litigation by

requiring plaintiffs to produce some evidence to support a credible claim."

*Steering Comm. v. Exxon Mobil Corp.*, 461 F.3d 598, 604 n.2 (5th Cir. 2006)

(citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000) (finding

that *Lone Pine* orders are appropriate "to manage the complex and potentially very

burdensome discovery")).  In *Lone Pine*, the court ordered that the plaintiffs

produce specific proof regarding their alleged exposure to toxic substances

deriving from the Lone Pine Landfill, reports of physicians to support causation,

and information demonstrating each claim of property damage related to

diminution of value.  1986 WL 637507.  The Ninth Circuit has agreed with the

reasoning set forth in *Acuna*, determining that *Lone Pine* orders can be consistent

with a district court's discretion to manage and control discovery under Federal

Rule of Civil Procedure 16.  *Avila v. Willits Envtl. Remediation Tr.*, 633 F.3d 828,

833 (9th Cir. 2011).  However, it is notable that no federal rule or statute

authorizes the entry of a *Lone Pine* order.

Courts generally look to five nonexclusive factors when deciding whether to

grant a *Lone Pine* order, (1) the posture of the action, (2) the peculiar case

management needs presented, (3) external agency decisions impacting the merits

of the case, (4) the availability and use of other procedures explicitly sanctioned by

federal rule or statute, and (5) the type of injury alleged by plaintiffs and its cause.

*In re Digitek Prod. Liab. Litig.*, 264 F.R.D. 249, 256 (S.D.W. Va. 2010) (collecting

1   cases).  In scrutinizing the relevant factors, this case does not present the type of

2   extraordinary circumstances that would necessitate the entry of a *Lone Pine* order.

3          As to the first factor, "courts have been reluctant to grant *Lone Pine* motions

4   before any meaningful discovery has been conducted."  *Marquez v. BNSF Ry. Co*.,

5   17-CV-01153-CMA-MEH, 2017 WL 3390577, at *2 (D. Colo. Aug. 8, 2017)

6   (internal citations omitted); *In re Vioxx Products Liab. Litig*., 557 F. Supp. 2d 741,

7   744 (E.D. La. 2008), *aff'd,* 388 Fed. Appx. 391 (5th Cir. 2010) ("[A] *Lone Pine*

8   order may not have been appropriate at an earlier stage before any discovery had

9   taken place . . .").  Here, the parties have not yet engaged in any discovery, which

10  does not close until July 2026.  ECF No. 24 at 3.

11         Moreover, there is nothing particularly complicated about the case

12  management needs of this matter.  Generally, courts have found *Lone Pine* orders

13  proper where discovery will be complex due to the number of plaintiffs and

14  defendants involved.  *See Avila*, 633 F.3d at 834 (upholding a *Lone Pine* order

15  where the case had "been pending for five years when the order was entered; it

16  involved many plaintiffs, not all of whom were similarly situated, as well as a

17  defendant that got out of the business in 1988; and it raised difficult issues of proof

18  on exposure and causation.  Prima facie plaintiffs had two years in addition to the

19  five that had elapsed to find experts and develop evidence"); *Acuna*, 200 F.3d at

20  340 ("In these two cases, treated as related in the district court, there are

approximately one thousand six hundred plaintiffs suing over one hundred defendants for a range of injuries occurring over a span of up to forty years."). *Lone Pine* specifically involved over 400 defendants.  L-33606-85, 1986 WL 637507 at *1.  By contrast, courts have rejected requests for *Lone Pine* orders involving single plaintiff and single defendant disputes, as not presenting the type of case management assistance contemplated in *Lone Pine*.  *See Bauman v. BNSF Ry. Co.,* C20-6150RSL, 2021 WL 1857040, at *1 (W.D. Wash. Apr. 26, 2021); *Mincic v. BNSF Ry. Co*., 18-CV-01931-KMT, 2018 WL 11373724, at *3 (D. Colo. Nov. 9, 2018); *Marquez v. BNSF Ry. Co*., 17-CV-01153-CMA-MEH, 2017 WL 3390577, at *3 (D. Colo. Aug. 8, 2017) (finding a *Lone Pine* order improper where one plaintiff was suing one defendant for negligently causing the decedent's esophageal cancer); *Ramirez v. E.I. Dupont De Nemours & Co*., 809-CV-321-T-33TBM, 2010 WL 144866, at *3 (M.D. Fla. Jan. 8, 2010) ("The Court determines that Defendant's request for a *Lone Pine* order in this case, with a single plaintiff and single defendant, is patently unwarranted.  While Plaintiff claims that he has been injured by chemicals in Defendant's Benlate product, this is not a mass toxic-tort case, and there is no need for a specialized case management order to streamline or otherwise organize the issues presented in this case.").

Along the same lines, there are plenty of other opportunities for Defendant to challenge the sufficiency of the causal connection between Plaintiff's colon

cancer and his exposure in the workplace, as well as the chance to seek relief from what it may view as unduly burdensome discovery. *In re Digitek Prod. Liab. Litig.*, 264 F.R.D. at 259 ("Given a choice between a '*Lone Pine* order' created under the court's inherent case management authority and available procedural devices such as summary judgment, motions to dismiss, motions for sanctions and similar rules, I believe it more prudent to yield to the consistency and safeguards of the mandated rules especially at this stage in this litigation . . . Resorting to crafting and applying a *Lone Pine* order should only occur where existing procedural devices explicitly at the disposal of the parties by statute and federal rule have been exhausted or where they cannot accommodate the unique issues of this litigation."). Defendant worries that this lawsuit will propound upon it discovery that ultimately amounts to a fishing expedition, especially given the expansive length of time and many possible exposure points that Plaintiff is alleging. ECF No. 29 at 3. While this may turn out to be true, there are methods better grounded in statute and the federal rules suited to the facts of this case, and thus a *Lone Pine* order is not appropriate.

//

//

//

//

1    **ACCORDINGLY, IT IS HEREBY ORDERED:**

2          Defendant's Motion for a *Lone Pine* Order (ECF No. 25) is **DENIED.**

3          The District Court Executive is directed to enter this Order and furnish

4    copies to counsel.

5          DATED August 29, 2025.

6    

7                                    THOMAS O. RICE
                                United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20